IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03-30020 |
| | ) | |
| JEROME D. KINDLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Jerome D. Kindle's pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense ("Motion"). See d/e 47. Because Defendant was sentenced as a career offender, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). Therefore, Defendant's Motion is DISMISSED for lack of subject matter jurisdiction.

## FACTS

In April 2004, Defendant pleaded guilty to one count of possession of five or more grams of cocaine base (crack) with the intent to distribute

(Count 6) and one count of possession of a firearm in furtherance of a drug trafficking crime (Count 8). See 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c). At Defendant's June 2005 sentencing hearing, the Court sentenced Defendant as a career offender. The Court found that, after a three-level reduction for acceptance of responsibility, Defendant had an offense level of 34, and a criminal history of VI, resulting in a guideline range of 262 to 327 months' imprisonment on Count 6 and a consecutive 60 months on Count 8. The Court applied a 30 percent reduction to the total sentence and sentenced Defendant to 165 months on Count 6 and 60 months on Count 8, to run consecutively.

Defendant appealed the Court's determination that Defendant qualified as a career offender. The Seventh Circuit affirmed. See United States v. Kindle, 453 F.3d 438 (7th Cir. 2006).

In March 2008, Defendant filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 44). The Court denied the Motion, finding Defendant was ineligible for a reduction because he was sentenced as a career offender. See Text Order,

June 10, 2008.

On November 18, 2011, Defendant filed the Motion at issue herein.  See d/e 47.  Pursuant to Administrative Order 11-MC-2042, this Court appointed the Federal Defender to represent Defendant on his Motion.

On December 5, 2011, Jonathan E. Hawley, Chief Public Defender, moved to withdraw as counsel for Defendant.  See d/e 48.  Hawley concluded Defendant was ineligible for a reduced sentence pursuant to the retroactive amendment to the crack cocaine guidelines because Defendant was sentenced as a career offender.  On December 6, 2011, this Court granted Hawley leave to withdraw and granted Defendant additional time to supplement his motion or file a new motion for a reduced sentence.  Defendant has not done so.

## ANALYSIS

"District courts have limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003); see also 18 U.S.C. § 3582(c) (providing that a court cannot

modify a term of imprisonment once it has been imposed except in certain circumstances provided therein). Section § 3582(c)(2) of the United States Code allows a court to reduce a previously imposed sentence where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject-matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

Here, the Court lacks subject-matter jurisdiction to consider Defendant's reduction request because the sentencing range on which his sentence was based–the career offender guideline–was not subsequently lowered by the Sentencing Commission.

The Fair Sentencing Act of 2010, amending 21 U.S.C. § 841(b)(1), reduced the disparity between sentences involving crack and powder

cocaine by raising the amounts of crack mandating minimum prison sentences.  See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b()1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011).  The Act also ordered the United States Sentencing Commission to amend the Federal sentencing guidelines "'to achieve consistency with other guideline provisions and applicable law.'" United States v. Perez, 2011 WL 2183879, at *1 (N.D. Ind. 2011), quoting Pub. L. No. 111-220 at § 8, 124 Stat. at 2374.

The Sentencing Commission amended the sentencing guidelines by reducing the sentencing guideline ranges for certain federal crack cocaine offenders.  See Amendment 750.  Effective November 1, 2011, the Sentencing Commission made those amended sentencing guidelines apply retroactively.  See U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750).  "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants

convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)." United States v. Turner, 2011 WL 4704277, at*1 (W.D. Va. 2011).

In this case, however, Defendant's guideline range was based on the career offender guideline (U.S.S.G. § 4B1.1) and not the guideline range for crack cocaine offenses. Because Amendment 750 did not change the career offender guideline, Defendant does not qualify for a sentence reduction under § 3582(c)(2). See Forman, 553 F.3d at 589-90 (holding that a crack cocaine offender sentenced under the career offender guideline was not eligible for a reduced sentence under section 3582(c)(2)).

## CONCLUSION

For the reasons stated, Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 47) is DISMISSED for lack of subject-matter jurisdiction.

ENTERED: January 18, 2012

FOR THE COURT:

                                                                          s/ Sue E. Myerscough
                                                  SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE